ANDERSON, GREEN & CO. v. RYAN & CO.

REDEMPTION. *Who are entitled to redeem.* Under the Code, section 2127, the right of the purchaser of land at execution sale, who is also a judgment creditor, to advance his bid is continuous for twenty days, and if exercised at any time within that period, will render nugatory a previous tender in redemption by another judgment creditor, and may be exercised by several separate judgment creditors, who join in the purchase, by advancing the aggregate amount of each of their separate judgments.

FROM SUMNER.

Appeal from the Chancery Court at Gallatin. C. G. SMITH, Ch.

WILSON & VERTREES for complainants.

BLACKMORE for defendants.

COOPER, J., delivered the opinion of the court.

The complainants and defendants being severally judgment creditors of G. B. Wright, executions were issued on the judgments of the complainants and of three of the other creditors and levied upon an improved lot in the town of Gallatin. On the 5th day of September, 1874, the lot was sold under these executions and purchased by the defendants at the price of $233.61, and was conveyed to them by the sheriff

·on the 9th of October, 1874. On the 7th of September, 1874, the complainants tendered to the defendants the amount of their bid, with interest to the time of tender, in redemption of the lot, proposing to advance on their bid their judgment debt. The defendants, without offering to advance on their bid, declined to accept the tender, and refused to permit the complainants to redeem. On the same day, complainants paid the sum of $233.70 to the clerk of the Circuit Court of Sumner county, in which county the sale was made, and advanced thereon their judgment, with interest and costs, amounting to $121.88, depositing a receipt therefor as required by law. On the 10th of September, 1874, the defendants undertook to advance on their joint bid the amounts due on their several judgments, each advancing "his bid or his portion of said bid" the sum of his judgment, interest and costs, depositing with the clerk of the Circuit Court of Sumner county a receipt therefor, giving all the details of judgments, dates and amounts, and reciting that each firm of judgment creditors filed the same as a receipt for the amount of the respective claims of the defendants, and also that they thereby receipted the judgment debtor for $843, the aggregate of the several claims, "so advanced by them." On the 3d of October, 1874, the complainants again proposed to redeem the property, and tendered the defendants $1, and notified them that the sum of $233.70 was then deposited with the clerk for them, but defendants refused the money, and refused to permit the complainants to redeem. Thereupon, on the same day, the complainants deposited the

$1 with the clerk, renewed their advance of their debt, and re-deposited a receipt as of that date, as required by law.    On the 10th of October, 1874, complainants filed this bill to redeem the land, setting forth the foregoing facts.    The defendants demurred to the bill,. the demurrer was sustained, and the complainants appealed.

The bill avers that the defendants reside out of the county of Sumner, in which the land in controversy lies.    The payment of the redemption money to the clerk of the Circuit Court of that county, and the deposit of a receipt for the advance to the extent of the judgment of the complainants, being more than ten per cent on the original bid, seem to be in accordance with the provisions of the Code, sections 2136, 2136,a.    In that view, the questions mainly discussed in the argument made in this court fairly arise.

· The complainants insist that by their first tender on the 7th of September, 1874, two days after the purchase by the defendants at the execution sale, they acquired the right to redeem because the defendants did not then advance on their bid.    The Code, section 2127, provides: "But if the purchaser is *bona fide* a creditor by judgment, etc., and within twenty days after the sale he makes an advance on his bid, etc., then he shall hold the property subject to redemption at the price bid and such advance, just as if he had bid the whole sum at the time of the sale."    If the defendants did make a valid advance, as they undertook to do, on the 10th of September, 1874, within.

twenty days after the sale, the right of the complainants under the first tender must turn upon the question whether the purchaser, who is a *bona fide* creditor, has the whole twenty days within which to make his advance, or may be forced to make it at an earlier day. The language of the section is, perhaps, so plain, and free from ambiguity, as to render discussion unnecessary. In *Killibrew* v. *Elliott*, 11 Hum., 442, where the provision of the act of 1842, ch. 6, which has been brought into the Code in the section cited, is discussed, the court consider the right to advance as extending through the whole period of twenty days, and as conceded to the purchaser, "so that he may be enabled to secure his debt, if it should be found that the property is a sufficient security for its payment, or for the payment of any greater sum than was bid at the sale." The same construction is taken for granted by Judge Henry G. Smith in *Hill* v. *Walker*, 6 Col., 424, 431, and is expressly announced, though *arguendo*, by Chief Justice Nicholson in *Holmes* v. *Jarrett*, 7 Heis., 509, even if the word "exclusive," applied by him to the purchaser's right during the twenty days be too strong. But, in strict law, no other conclusion can be entertained. For, the right is to advance, not to make successive advances as other creditors may come forward to redeem, and would, probably, be extinguished by a single exercise of the power. And if other creditors could redeem within the time by a tender of the original bid with interest under section 2136, the act would be rendered nugatory by a subsequent advance within the twenty days.

The sound rule, is the obvious one, that the right is continuous during the twenty days, whether exclusive or not, and, if not exclusive, whatever rights other creditors may acquire during the period, in the event no advance is actually made within the time. The first position of the complainants is, therefore, untenable, if the defendants did make a legal advance within the twenty days.

The second position of the complainants is, that the advance made by the defendants was not within the statute, because the defendants were joint purchasers, and could not, as such, advance several judgments due to, or owned by each defendant in severalty at the date of the purchase, but only judgments due to, or owned by all at that date. The point is a nice one, and has been argued with marked ability by the counsel of the complainants. The argument is rested upon the fact that the right to redeem is given to the "purchaser," who is, at the time, a judgment creditor, and the deduction, as a logical result, that if several persons join in the purchase they constitute "the purchaser," and the judgments advanced must belong to them as a unit, not to each severally. And the analogy of the doctrine of set-off as confined to mutual debts is pressed with critical acumen. If the construction of the statute depended upon the strict rules of dialectics, it would be difficult to break the chain of reasoning. But I have heretofore had occasion to say, as a Judge, that exact logic is often too refined for the practical business of life, when stretched "upon the rack of this rough world," and must give

way to clearly expressed intention.    *Smith* v. *St. Louis Mutual Life Ins. Co.*, 2 Tenn. Ch., 743.

The duty of the court in construing a statute is to ascertain its object, and carry out the object as near as may be in accordance with the rules of practical good sense which would operate with the mass of the community, for whose benefit the law was enacted, in exercising their rights under it.    The object of the section of the Code under consideration, as of the original act from which it was taken, was to secure to the debtor the full value of his land sold by execution, and at the same time to appropriate that value to the satisfaction of his judgment debts.    This was accomplished, so far as the debtor was concerned, by giving to him and his judgment creditors the right of redemption for two years.    It was secured to the creditor by giving him, if he purchased or redeemed, twenty days within which to ascertain "that the property is a sufficient security" for the payment of his debt.    Whether the debt was a mutual one within the law of set-off, was due to the purchaser alone or to himself and another, or to one only of several purchasers, was, it may safely be said, not considered by the Legislature, as it is certainly not material to the practical object of the act.    All that the statute contemplated was an advance to the debtor, and the securing of that advance to a judgment creditor.    If this end can be better, or as well attained by several judgment creditors bidding and advancing together, instead of going through the circumlocution of each redeeming from the other, there can be no reasonable

objection to such a course.   For, each individual in such a combination is "the purchaser," and a judgment creditor within the language, object, and meaning of the act.

The decree below must be affirmed with costs.

Judge FREEMAN dissents upon the last point.